**IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | | |
|---|---|---|
| KLAUBER BROTHERS, INC., a New York corporation, | ) ) | |
| | ) | |
| Plaintiff, | ) | No. 1:23-cv-10407 |
| | ) | |
| v. | ) | |
| | ) | |
| | ) | |
| THE PARTNERSHIPS AND UNINCORPORATED ASSOCIATIONS IDENTIFIED IN SCHEDULE "A", | ) ) ) | Jury Demanded |
| | ) | |
| Defendants. | ) | |

**COMPLAINT**

Plaintiff, Klauber Brothers, Inc., ("Klauber"), by and through its undersigned attorneys, hereby prays to this honorable Court for relief based on the following:

**INTRODUCTION**

1.      This action has been filed by Plaintiff in attempt to combat e-commerce store operators who trade upon Plaintiff's reputation and goodwill by making, using, offering for sale, selling and/or importing into the United States for subsequent sale or use that same unauthorized and unlicensed reproductions that infringe Plaintiff's copyrights (collectively, the "Infringing Products").

2.      Klauber owns original two-dimensional artwork for purposes of lace production. It allocated the design at issue an internal design numbers 608, 688, 7088, 7010, and 845 which are duly registered with the U.S. Copyright Office (the "Subject Designs"). The copyrights in the

Subject Design 7179 were transferred to Klauber in 2015 by way of the transfer agreement. The Subject Designs are thereafter sold to companies to use and create lace garments.

3.      The Defendants create numerous Internet stores and design them to appear to be selling genuine products copyrighted by Plaintiff, while selling inferior imitations of Plaintiff's Designs. Each infringing products Identification Number can be found in **Exhibit B** attached hereto. The Defendant Stores share unique identifiers, such as design elements and similarities of the infringing products offered for sale, establishing a logistical relationship between them and suggesting that Defendants' illegal operations arise from the same transaction, occurrence, or series of transactions and occurrences. Specifically, multiple Defendants sell the same products with the same Product Identification Number. Defendants attempt to avoid liability by going to great lengths to conceal both their identities and the full scope and interworking of their illegal infringing operation. Plaintiff is therefore forced to file this action to combat Defendants' infringement of Plaintiff's Copyrighted Design, and to protect unknowing customers from purchasing unauthorized products over the Internet.

4.      Klauber brings this action for willful copyright infringement and piracy committed for purposes of commercial advantage or private financial gain by the reproduction or distribution, including by electronic means, of one or more copies of copyrighted works in violation of 17 U.S.C. §501, and for all the remedies available under the Copyright Act 17 U.S.C. § 101, *et seq.*

5.      This unauthorized usage constituted copyright infringement, amongst other things, as set forth below.

/ / /

/ / /

## JURISDICTION AND VENUE

6.      This Court has original subject matter jurisdiction over the claims in this action arising under the Copyright Act of 1976, Title 17 U.S.C., §§ 101, *et seq*., under 28 U.S.C. §§ 1331 and 1338(a), (b).

7.      Defendants are subject to personal jurisdiction in this District because they purposefully direct their activities toward and conduct business with consumers throughout the United States, including within the state of Illinois and this district, through at least the internet-based e-commerce stores accessible in Illinois.

8.      Defendants are further subject to personal jurisdiction in this district because each Defendant directly targets consumers in the United States, including in Illinois, through at least the fully interactive commercial Internet stores operating under the Defendant domain names and/or the Online Marketplace Accounts identified in **Schedule A** attached hereto (collectively, "Defendants" or "Defendant Internet Stores"). Specifically, the Defendants are reaching out to do business with Illinois residents by operating one or more commercial, interactive Internet Stores through which Illinois residents can purchase products infringing Plaintiffs copyrighted artwork and work. Each of the Defendants has targeted sales from Illinois residents by operating online stores that offer shipping to the United States, including Illinois, accepts payment in United States Dollars, and on information and belief, has sold infringing products to Illinois residents. Each of the Defendants are committing tortious and illegal activities directed towards the state of Illinois and causing substantial injury in Illinois, and Plaintiff's claims arise out of those activities.

9.      Alternatively, Defendants are subject to personal jurisdiction in this district under Federal Rule of Civil Procedure 4(k)(2) because (i) Defendants are not subject to jurisdiction in

any state's court of general jurisdiction; and (ii) exercising jurisdiction is consistent with the United States Constitution and laws.

10. Venue is proper in this district under 28 U.S.C. § 1400(a) because Defendants and their agents are subject to the court's personal jurisdiction and therefore reside in this judicial district or may be found here.

11. Venue in this judicial district is otherwise proper under 28 U.S.C. § 1391(b)(3) because Defendants are subject to the court's personal jurisdiction and not a resident in the United States and therefore there is no district in which any action may otherwise be brought.

## **PARTIES**

12. Klauber is a California corporation with an office in California and doing business throughout the United States and within this District.

13. Klauber owns the copyrights that are the subject of this action.

14. Klauber is in the business of developing, marketing, selling, creating, and distributing the Subject Designs. Following the distribution and sale of the Subject Designs, Klauber discovered numerous entities within the fashion and apparel industry misappropriating the Subject Designs and were selling fabric and garment bearing illegal and unauthorized reproductions and/or derivatives of the Subject Designs.

15. Defendants have the capacity to be sued under Federal Rule of Civil Procedure 17(b).

16. The Defendants in **Schedule A** (collectively, "Defendants") are individuals and business entities who, upon information and belief, reside primarily in the People's Republic of China or other foreign jurisdictions. Defendants conduct business throughout the United States, including within Illinois and in this District, through the operation of fully interactive commercial

websites and online marketplaces operating under the Defendant Internet Stores. Each Defendant targets the United States, including Illinois, and has, upon information and belief, sold, offered for sale, and continues to sell, products containing the Subject Designs to consumers within the United States and this District.

17.     Defendants have purposefully directed some portion of their illegal activities towards consumers in the state of Illinois through the advertisement, offer to sell, sale, and/or shipment of infringing goods to the State.

18.     Upon information and belief, Defendants may have engaged in fraudulent conduct providing false and/or misleading information to the Internet based e-commerce platforms or domain registrar where they offer to sell and/or sell infringing products.

19.     Upon information and belief, Defendants will likely continue sell and offer for sale products containing Klauber's intellectual property, namely products containing in whole, or in part, the Subject Designs, unless preliminarily and permanently enjoined.

20.     Defendants use their Internet-based businesses to infringe the intellectual property rights of Klauber and others.

21.     Defendants, through the sale and offer to sell infringing products, are directly, and unfairly, competing with Klauber's economic interests in the state of Illinois and causing Klauber harm and damage within this jurisdiction. The Infringing Products Identification Numbers are found in **Exhibit B**.

22.     The natural and intended byproduct of Defendants' actions is the erosion and destruction of the goodwill associated with Klauber's intellectual property rights and the destruction of the legitimate market sector in which it operates.

23.     Upon information and belief, at all times relevant hereto, Defendants had actual or constructive knowledge of Klauber's intellectual property rights, including Klauber's exclusive right to use and license such intellectual property rights.

24.     Klauber is informed and believes and thereon alleges that at all times relevant hereto each of the Defendants were the agent, affiliate, officer, director, manager, principal, alter-ego, and/or employee of the remaining Defendants and was at all times acting within the scope of such agency, affiliation, alter-ego relationship and/or employment; and actively participated in or subsequently ratified and adopted, or both, each and all of the acts or conduct alleged, with full knowledge of all the facts and circumstances, including, but not limited to, full knowledge of each and every violation of Klauber's rights and the damages to Klauber proximately caused thereby.

## JOINDER OF DEFENDANTS IN THIS ACTION IS PROPER

25.     Defendants are promoting, selling, offering for sale and distributing goods bearing identical or strikingly similar imitations of the Subject Designs within this District.

26.     Joinder of all Defendants is permissible under Fed. R. Civ. P. 20(a)(2) that permits joinder of persons in an action as Defendants where any right to relief is asserted against them jointly, severally, or in the alternative with respect to or arising out of the same transaction, occurrence, or series of transactions or occurrences; and any question of law or fact common to all Defendants will arise in this action.

27.     Joinder of the multiple Defendants is permitted because Klauber asserts rights to relief against these Defendants jointly, severally, or in the alternative with respect to or arising out of the same transaction, occurrence, or series of transactions or occurrences; and common questions of law or fact will arise in the action.

28.     Joinder of the multiple Defendants serves the interests of convenience and judicial economy, which will lead to a just, speedy, and inexpensive resolution for Klauber, Defendants, and this Court.

29.     Joinder of the multiple Defendants will not create any unnecessary delay, nor will it prejudice any party. On the other hand, severance is likely to cause delays and prejudice Klauber and Defendants alike.

30.     Joinder of the multiple Defendants is procedural only and does not affect the substantive rights of any defendant listed on Schedule A hereto.

31.     This court has jurisdiction over the multiple Defendants. Venue is proper in this court for this dispute involving the multiple Defendants.

32.     Klauber's claims against the multiple Defendants are all transactionally related.

33.     All Defendants' actions are logically related. All Defendants are engaging in the same systematic approach of establishing online storefronts to redistribute illegal products from the same or similar sources while maintaining financial accounts that the Defendants can easily conceal to avoid any real liability for their actions.

34.     All Defendants undertake efforts to conceal their true identities from Plaintiff to avoid accountability for their activities.

35.     All Defendants use payment and financial accounts associated with their online storefronts or the online platforms where their online storefronts reside.

36.     All Defendants use their payment and financial accounts to accept, receive, and deposit profits from their illegal activities.

37. All Defendants can easily and quickly transfer or conceal their funds in their use of payment and financial accounts to avoid detection and liability in the event their efforts are discovered, or Klauber obtains monetary award.

38. All Defendants understand that their ability to profit through anonymous internet stores is enhanced as their numbers increase, even though they may not all engage in direct communication or coordination.

39. Defendants' business names, associated payment accounts, and any other alias seller names or e-commerce stores used in connection with the sale of infringements of Klauber's intellectual property rights are essential components of Defendants' online activities and are one of the means by which Defendants further their infringement scheme and cause harm to Klauber.

40. Defendants are using infringements of Klauber's intellectual property rights to drive Internet consumer traffic to their e-commerce stores and decreasing the size and value of Klauber's legitimate marketplace and intellectual property rights at Klauber's expense.

41. Defendants, through the sale and offer to sell infringing products, are directly and unfairly competing with Klauber's economic interests in the state of Illinois and causing Klauber harm and damage within this jurisdiction.

42. Upon information and belief, at all times relevant hereto, Defendants had actual or constructive knowledge of Klauber's intellectual property rights, including Klauber's exclusive right to use and license such intellectual property rights.

### CLAIMS RELATED TO PLAINTIFF'S SUBJECT DESIGN

43. Klauber created and owns all rights in original the Subject Design shown in **Exhibit A**.

44.     Klauber complied in all respects with the Copyright Act, 17 U.S.C. § 101, *et. seq.*, and is the sole owner of the exclusive rights, title, interests, and privileges in and to the Subject Design.

45.     Klauber has registered the Subject Designs with the United States Copyright Office and was granted a copyright registration.

46.     Genuine fabric bearing the Subject Design are sold by Klauber and its authorized distributors.

47.     Defendants, and each of them, have willfully copied, reproduced, distributed, sold, and/or offered for sale the Subject Design for financial benefit by, without limitation, reproducing the Subject Design online and/or products bearing copies of the Subject Design for commercial benefit, including without limitation, through Defendant Internet Stores.

48.     Defendants are using identical copies of the Subject Design on fabric and thereafter using it to create and offer for sell clothing. True and correct screen captures depicting non-inclusive exemplar(s) of the Defendants' unauthorized use are shown in **Exhibit A** ("Infringing Use") alongside the Subject Designs for comparison. These copies and screen captures represent non-inclusive exemplars of the Infringing Use.

49.     Defendants advertise their e-commerce stores to the consuming public via e-commerce stores on Internet marketplace websites.

50.     In advertising their stores and products, Defendants improperly and unlawfully use the Designs without Klauber's permission.

51.     By their actions, Defendants are contributing to the creation and maintenance of an illegal marketplace operating in parallel to the legitimate marketplace for Klauber's genuine goods.

52.     Defendants are causing individual, concurrent and indivisible harm to Klauber and the consuming public by (i) depriving Klauber and other third parties of their right to fairly compete for space within search engine results and reducing the visibility of Klauber's genuine goods on the World Wide Web, (ii) causing an overall degradation of the value associated with the images, and (iii) increasing Klauber's overall cost to market its goods and educate consumers via the Internet.

53.     As a result, Defendants are defrauding Klauber and the consuming public for Defendants' own benefit. Upon information and belief, Defendants facilitate sales by designing the Defendant Internet Stores so that they appear unknowing to customers to be authorized online retailer, outlet stores, or wholesalers selling genuine Subject Design. Many of the Defendant Internet Stores look sophisticated and accept payment in US Dollars via credit cards, PayPal, and other legitimate payment methods. Defendant Internet Stores include design elements that make it very difficult for consumers to distinguish such infringing sites from authorized seller websites.

54.     Upon information and belief, at all times relevant hereto, Defendants had full knowledge of Klauber's ownership of the Subject Design, including its exclusive right to use and license such Subject Design, through Klauber's numerous online profiles and features, online publications and press featuring Klauber's work, Klauber's social media accounts, and/or through viewing the Subject Design on third-party websites (e.g., Tumblr, Pinterest, internet search engines, etc.).

55.     Defendants' use of the Design, including the promotion and advertisement, reproduction, distribution, sale and offering for sale of their infringing goods, is without Klauber's consent or authorization.

56.     Defendants are engaging in the above-described infringing activities knowingly and intentionally or with reckless disregard or willful blindness to Klauber's rights for the purpose of trading on Klauber's intellectual property and reputation.

57.     Klauber has not in any way authorized Defendants, or any of them, to copy, reproduce, duplicate, disseminate, distribute, or create derivative works of the Subject Design.

58.     If Defendants' intentional infringing activities are not preliminarily and permanently enjoined, Klauber and the consuming public will continue to be harmed.

59.     Defendants' infringing activities are likely to cause confusion, deception, and mistake in the minds of consumers before, during and after the time of purchase.

60.     Defendants are likely to transfer or conceal their assets to avoid payment of any monetary judgment awarded to Klauber.

61.     Klauber is suffering irreparable injury and has suffered substantial damages as a result of Defendants' unauthorized and infringing activities and their wrongful use of Klauber's intellectual property rights.

62.     Klauber should not have competition from Defendants because Plaintiff never authorized Defendants to use Klauber's Subject Design.

63.     Klauber has no adequate remedy at law.

## FIRST CLAIM FOR RELIEF

(For Copyright Infringement – Against all Defendants, and Each)

64.      Klauber repeats, re-alleges, and incorporates herein by reference as though fully set forth, the allegations contained in the preceding paragraphs of this Complaint.

65.    Klauber, a Canadian-based artist, has complied in all respects with the Copyright Act of the United States and other laws governing copyright and secured the exclusive rights and privileges in and to the copyrights at issue.

66.    Under 17 U.S.C. § 106, Klauber has the exclusive rights and privileges to reproduce, prepare derivate works, distribute copies, and import copies into the United States of the copyrighted Design.

67.    Klauber alleges that Defendants, and each of them, infringed Klauber's exclusive copyrights by creating infringing derivative works, copying, displaying, and/or distributing works to the public based upon Klauber's copyrighted art in violation of 17 U.S.C. § 106, as seen, without limitation, in the screen captures attached hereto in Schedule A.

68.    Due to Defendants' Infringing Use as alleged herein, Defendants, and each of them, have obtained direct and indirect profits they would not otherwise have realized but for their infringement of Klauber's rights in the Subject Design. As such, Klauber is entitled to disgorgement of Defendants' profits directly and indirectly attributable to Defendants' infringement of its rights in the Subject Photograph in an amount to be established at trial.

69.    Defendants' conduct constitutes willful and direct copyright infringement. The similarities between the Subject Design and Infringing Use further proves the willful and direct infringement by Defendants.

70.    On information and belief, Defendants routinely and intentionally infringe the intellectual property rights of others, including but not limited to, acting with willful blindness and/or reckless disregard.

71.     Due to Defendants', and each of their, acts of infringement, Klauber has actually and proximately suffered actual, general, and special damages in an amount to be established at trial under 17 U.S.C. § 504(b) and (c).

72.     The harm caused to Klauber is irreparable.

73.     Klauber is entitled to temporary and permanent injunctive relief from Defendants' willful infringement.

74.     Klauber complied with registration requirements for the Subject Designs before the commission of the infringement at issue and on that basis seeks statutory damages in an amount up to $150,000.00 per artwork per the Copyright Act.

75.     Klauber is informed and believes and thereon alleges that Defendants, and each of their, conduct as alleged herein was willful, reckless, and/or with knowledge, subjecting Defendants, and each of them, to enhanced statutory damages, claims for costs and attorneys' fees, and/or a preclusion from deducting certain costs when calculating disgorgeable profits.

## SECOND CLAIM FOR RELIEF

(For Vicarious and/or Contributory Copyright Infringement – Against all Defendants, and Each)

76.     Klauber repeats, re-alleges, and incorporates herein by reference as though fully set forth, the allegations contained in the preceding paragraphs of this Complaint.

77.     On information and belief, Klauber alleges that Defendants knowingly induced, participated in, aided and abetted in and profited from the illegal reproduction and distribution of the Subject Design as alleged hereinabove. Such conduct included, without limitation, creating derivative works, creating products which use Klauber's Design, and/or selling such derivative works and products and that that Defendants knew, or should have known, were not authorized to be published by Defendants.

78.     On information and belief, Klauber alleges that Defendants, and each of them, are vicariously liable for the infringement alleged herein because they had the right and ability to supervise the infringing conduct and because they had a direct financial interest in the infringing conduct. Specifically, Defendants, and each of them, profited in connection with the Infringing Use, and were able to supervise the distribution, broadcast, and publication of the Infringing Use.

79.     By reason of the Defendants', and each of their, acts of contributory and vicarious infringement as alleged above, Klauber has suffered general and special damages in an amount to be established at trial.

80.     Due to Defendants' acts of copyright infringement as alleged herein, Defendants, and each of them, have obtained direct and indirect profits they would not otherwise have realized but for their infringement of Klauber's rights in the Subject Design. As such, Klauber is entitled to disgorgement of Defendants' profits directly and indirectly attributable to Defendants' infringement of Klauber rights in the Subject Design, in an amount to be established at trial.

81.     On information and belief, Klauber alleges that Defendants, and each of them, have committed acts of copyright infringement, as alleged above, which were willful, intentional and malicious, which further subjects Defendants, and each of them, to liability for statutory damages under Section 504(c)(2) of the Copyright Act in the sum of up to $150,000.00 per infringement and/or a preclusion from asserting certain equitable and other defenses.

## **PRAYER FOR RELIEF**

Wherefore, Plaintiff prays for judgment as follows:

## **Against All Defendants**

Wherefore, Plaintiff prays for judgment as follows against all Defendants and with respect to each claim for relief:

a.      Entry of temporary, preliminary, and permanent injunctions pursuant to 17 U.S.C. § 502(a), and Federal Rule of Civil Procedure 65 enjoining Defendants, their agents, representatives, servants, employees, affiliates, and/or all those acting in concert or participation therewith, from manufacturing or causing to be manufactured, importing, advertising or promoting, distributing, selling or offering to sell infringing goods; from infringing the Subject Design; from using the Subject Design, or any design similar thereto, in connection with the sale of any unauthorized goods; from using any reproduction, infringement, copy, or colorable imitation of the Subject Design in connection with the publicity, promotion, sale, or advertising of any goods sold by Defendants; and from otherwise unfairly competing with Plaintiff;

b.      Entry of a temporary restraining order, as well as preliminary and permanent injunctions pursuant to 28 U.S.C. § 1651(a), The All Writs Act, and the Court's inherent authority, enjoining Defendants and all third parties with actual notice of the injunction issued by this Court from participating in, including providing financial services, technical services or other support to, Defendants in connection with the sale and distribution of non-genuine goods bearing and/or using the Subject Design;

c.      Entry of an Order pursuant to 28 U.S.C. § 1651(a), The All Writs Act, and the Court's inherent authority that, upon Plaintiff's request, the applicable governing Internet marketplace website operators and/or administrators for the Seller IDs who are provided with notice of an injunction issued by this Court disable and/or cease facilitating access to the Seller IDs and any other alias seller identification names being used and/or controlled by Defendants to engage in the business of marketing, offering to sell, and/or selling foods bearing infringements of the Subject Designs;

d.      Entry of an Order pursuant to 28 U.S.C. § 1651(a), The All Writs Act, and this Court's inherent authority that, upon Plaintiff's request, any messaging service and Internet marketplace website operators, administrators, registrar and/or top level domain (TLD) registry for the Seller IDs who are provided with notice of an injunction issued by this Court identify any e-mail address known to be associated with Defendants' respective Seller IDs.

e.      Entry of an Order pursuant to 28 U.S.C. § 1651(a), The All Writs Act, and this Court's inherent authority that upon Plaintiff's request, any Internet marketplace website operators and/or administrators who are provided with notice of an injunction issued by this Court permanently remove from the multiple platforms, which include, *inter alia*, a direct platform, group platform, seller product management platform, vendor product management platform, and brand registry platform, any and all listings and associated images of goods bearing infringements of the Subject Design via the ecommerce stores operating under the Seller IDs, including but not limited to the listings and associated images identified by the "parent" and/or "child" Product Identification Numbers shown in **Exhibit B** and the Seller Aliases on **Schedule A** attached hereto, and upon Plaintiff's request, any other listings and images of goods bearing infringements of the Work associated with any PIN linked to the same sellers or linked to any other alias seller identification names being used and/or controlled by Defendants to promote, offer for sale and/or sell goods bearing infringements of the Subject Design;

f.      Entry of an Order pursuant to 28 U.S.C. § 1651(a), The All Writs Act and this Court's inherent authority that, upon Plaintiff's request, Defendants and any Internet marketplace website operators and/or administrators who are provided with notice of an

injunction issued by this Court immediately cease fulfillment of and sequester all goods of each Defendant bearing the Work in its inventory, possession, custody, or control, and surrender those goods to Plaintiff;

g.      Entry of an Order requiring Defendants to correct any erroneous impression the consuming public may have derived concerning the nature, characteristics, or qualities of their products, including without limitation, the placement of corrective advertising and providing written notice to the public;

h.      Entry of an Order requiring Defendants to account to and pay Plaintiff his actual damages and Defendants' profits attributable to the infringement, or, at Plaintiff's election, statutory damages, as provided in 17 U.S.C. § 504;

i.      Entry of an award, pursuant to 17 U.S.C. § 505, of Plaintiff's costs, disbursements, and reasonable attorneys' fees, associated with bringing this lawsuit;

j.      That Plaintiff be awarded its costs and attorneys' fees to the extent they     are available under the Copyright Act U.S.C. §§ 505, 1203, *et seq.*

k.      Entry of an Order that, upon Plaintiff's request, Defendants and any financial institutions, payment processors, banks, escrow services, money transmitters, or marketplace platforms, and their related companies and affiliates, identify and restrain all funds, up to and including the total amount of judgment, in all financial accounts and/or sub-accounts used in connection with the Seller IDs, or other alias seller identification or ecommerce store names used by Defendants presently or in the future, as well as any other related accounts of the same customer(s) and any other accounts which transfer funds into the same financial institution account(s) and remain restrained until such funds are surrendered to Plaintiff in partial satisfaction of the monetary judgment entered herein;

l.      That a trust be entered over all Infringing Uses, and all profits realized through the

sales and distribution of said work;

m.      That Plaintiff be awarded pre-judgment interest as allowed by law;

n.      That Plaintiff be awarded the costs of this action; and

o.      That Plaintiff be awarded such further legal and equitable relief as the Court deems

proper.

Plaintiff demands a jury trial on all issues so triable pursuant to Fed. R. Civ. P. 38 and the

7th Amendment to the United States Constitution.

Respectfully submitted,

Dated: September 12, 2023        By:      */s/ Mackenzie Paladino*
                                         Mackenzie Paladino, Esq. (Bar No. 6342560)
                                         DONIGER / BURROUGHS
                                         247 Water Street, First Floor
                                         New York, New York 10038
                                         mpaladino@donigerlawfirm.com
                                         *Attorney for Plaintiff*

**EXHIBIT A**





EXHIBIT A



EXHIBIT A



4



EXHIBIT A

**EXHIBIT B**





EXHIBIT B



EXHIBIT B



EXHIBIT B

## <u>SCHEDULE A</u>





SCHEDULE A



SCHEDULE A