**IN THE UNITED STATES DISTRICT COURT FOR
THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | |
|---|---|
| **KLAUBER BROTHERS, INC.,**<br><br>Plaintiff,<br><br>~ *versus* ~<br><br>**THE PARTNERSHIPS AND UNINCORPORATED ASSOCIATIONS IDENTIFIED IN SCHEDULE A**,<br><br>Defendants. | Case No. 1:23-cv-10407<br><br>**District Judge** Thomas M. Durkin<br><br>**Magistrate Judge** Keri L. Holle Hotaling |

**MEMORANDUM OF LAW** *by*
**BF CONCEPT LIMITED**
*in Opposition to* **MOTION FOR PRELIMINARY INJUNCTION**

Baruch S. Gottesman, Esq.
GOTTESMAN LEGAL PLLC
11 Broadway, Suite 615
New York, NY 10004
Phone: (212) 401-6910
bg@gottesmanlegal.com
*Counsel for BF Concept Limited*

i

A      **Table of Contents**

B.      **Introduction** . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1

C.      **Factual and Procedural Background** . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1

D.      **Legal Argument**: . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 5

         I.      Plaintiff Provided no Notice . . . . . . . . . . . . . . . . . . . . . 5

         II.      Plaintiff is Unlikely to Succeed on the Merits . . . . . . . . . . . . . . 6

         III.      Additional Considerations . . . . . . . . . . . . . . . . . . . . . . . . . . . . 9

E.      **Conclusion** . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 12

B. **Introduction**

The Plaintiff is not likely to succeed on the merits and will suffer no irreparable injury in the absence of a preliminary injunction. The balance of hardships and public interest tip against the issuance of an injunction. And the Plaintiff has not provided any Notice to the Defendants of this Motion.

For these reasons, Defendant BF Concepts Limited urgently and respectfully submits that the Preliminary Injunction should not issue, the Temporary Restraining Order should be dissolved and this matter should put down for a hearing on damages to the putative Defendants arising out of the wrongly obtained TRO.[1]

Within the limited time that Defendant has to respond (Undersigned Counsel was retained on this case Thursday evening for a hearing scheduled first thing Friday); and the page limitations urged by this Honorable Court (15 pages), we will headline the key reasons why the Preliminary Injunction should not issue. We remain ready to supplement this argument at the hearing or with further briefing if so requested by the Court.

C. **Factual and Procedural Background**

Plaintiff claims they own the copyright to certain lace designs including what Plaintiff calls "Subject Design No. 7010" and "Subject Design No. 7088" as follows:

---

[1] Separately, BF Concepts Limited will move to quash service, to sever, to dismiss, to suggest Mootness and – if the Court were inclined to grant the Preliminary Injunction – to raise the amount of bond. We allude to those issues here and incorporate by reference any arguments made in those Moving papers.

1



Illustration 1 – Subject Design No. 7010, Declaration of Mark Klauber at p. 2 (ECF 5-2) purportedly registered as U.S. Copyright Registration No. VA 180-563[2]



Illustration 2 – Subject Design 7088, Declaration of Mark Klauber at p. 2 (ECF 5-2) Purportedly registered as U.S. Copyright Registration No. VA 479-838[2]

Plaintiff's allegations against the Defendants are cryptic. As best as we can put together the jigsaw puzzle related to BF Concepts Limited, the Complaint alleges that they manage or operate Amazon Standard Identification Number B06XXC8LZL (line item 147 at p.2, perhaps at ECF 4-3?). A google search of that ASIN takes the user to the website:

---

[2] Notwithstanding Plaintiff's representation to this Honorable Court that "[o]nce the temporary restraining order has been served on the relevant parties and the requested actions are taken, Plaintiff will move to unseal these documents." Plaintiff's Motion for Leave to File Under Seal at p. 2 (ECF 3), the Exhibits to the Klauber Declaration remain under seal and were never even purported to have been served on the Defendants.

Defendants are tasked with fighting this Motion for a Preliminary Injunction with one armed tied behind their back. The Defendants' lack the record upon which this Motion is based, including all Exhibits to the supporting Affidavits and this on its own is reason enough to deny this Motion for a Preliminary Injunction as premature and incomplete.

2

https://www.amazon.com/kilofly-Pairs-Women-Fishnet-Stockings/dp/B06XXC8LZL which is to a product out of stock and showing the following picture:



Illustration 3 –  Product picture at ASIN B06XXC8LZL,
See Aff. in Opposition at Exhibit A.

For the avoidance of doubt, unless there is additional information that remains under Seal, there is no further information on the docket or served on the Defendants that gives any further explanation of how this item infringes on the Plaintiff's alleged copyrights.

Plaintiff filed suit on September 12, 2023 against dozens of Defendants claiming that each Defendant was an "agent, affiliate, officer, director, manager, principal, alterego, and/or employee of the remaining Defendants", Complaint at ¶ 24, and had engaged in copyright infringement, Complaint at ¶ 64, *et seq*.

Plaintiff alleged that each Defendant "us[ed] identical copies of the Subject Design on fabric", Complaint at ¶ 48, and the Plaintiff purported to provide "non-inclusive exemplar(s)", *Id.*, of the alleged infringement as Exhibit A of the Complaint (ECF 4-2). None of the "exemplars" show identical copies of the designs or identify any action or failure to act by BF Concepts Limited. The ASIN *LZL shows no identical copy of any of Plaintiff's alleged Designs.

Plaintiff docketed a Motion for a TRO which remains under Seal (ECF 5) and which appears to have been granted on September 26, 2023 (ECF 12).

3

Plaintiff then apparently settled this case as it relates to Defendants Yiwu Si Min Trading Co., Ltd., Fashion Iron, Inc., Shopstyle, Alily, Jiang, Shenzhenshi, and Guang (ECF 22, 23, 28, 29, 32 and 33) each of whom is purportedly an "agent, affiliate, officer, director, manager, principal, alterego, and/or employee of the [other] Defendants" Complaint at ¶ 24, which renders this case moot on its face and especially if the Settlement Agreement expressly provides that the settlement resolves all disputes with the settling party and their affiliates. The settlements also reduce the Plaintiff's potential recovery on any claim against the remaining Defendants, 740 ILCS 100/2(c).

Plaintiff claims to have served the Defendants, with the moving papers (ECF 21). But that never happened. *First* – the papers were purportedly published to a website at https://scott92549.wixsite.com/website which as of October 20, 2023 contains a selective collection of material from the docket, and undocketed versions of papers that remain under Seal. It does not contain the complete moving papers upon which the Motion for a TRO and this Motion for a Preliminary Injunction is based. *See* Affidavit in Support at Exh. B.

Second – a check on October 19, 2023 of three of the primary online service for testing the accessibility of websites behind the Great Firewall show that the publication website is simply inaccessible to any Defendant in China. It therefore provides no actual Notice nor qualifies as Service of Process under either the Hague Convention, Due Process Standards, and Rules 4 & 65. *See* Aff. Support at Exh. C showing the inaccessibility of the publication website in China.

With perhaps a million-plus dollars restrained by the Plaintiff on the flimsiest of bases, Plaintiff moved for a Preliminary Injunction returnable on October 20, 2023. We adopt the arguments of our Learned Colleague counsel for a co-Defendant in their opposition to the Motion for an Injunction (ECF 36) to the extent they are not prejudicial to BF Concept Limited's position,

4

and for the additional reasons emphasized and highlighted below, we respectfully submit that the Motion should be denied, the TRO dissolved, and this matter put down for a hearing on damages suffered by the Defendants for the inappropriately obtained TRO.

### D. Legal Argument

#### I. Plaintiff Provided No Notice

The Rules provide:

"**(a) Preliminary Injunction.**

    **(1) Notice.** The Court may issue a preliminary injunction only on notice to the adverse party."

Fed. R. Civ. P. 65.

The Seventh Circuit described the issuance of a preliminary injunction as a "drastic remedy", *Singer Co. v. P. R. Mallory & Co.*, 671 F.2d 232, 234 (7th Cir. 1982) *citing Fox Valley Harvestore v. A. O. Smith Harvestore Products*, 545 F.2d 1096, 1097 (7th Cir. 1976); and as an "extraordinary remedy" *Shaffer v. Globe Prot., Inc.*, 721 F.2d 1121, 1123 (7th Cir. 1983) *citing Fox Valley Harvestore, Inc. v. A.O. Smith Harvestore Products, Inc.*, 545 F.2d 1096, 1097 (7th Cir. 1976).

That guiding principle compels the Plaintiff's duty to establish each prong of the four-part test for issuance of a preliminary injunction and imposes an obligation on Plaintiff of "strict compliance," *United States v. Apex Oil Co.*, 579 F.3d 734 (7th Cir. 2009), with the statutory requirements before obtaining a preliminary injunction. That includes the notice requirement.

For this Motion, the Plaintiff provided no Notice to Defendants.

- Exhibit B of the Affidavit in Support shows a complete copy of the material purportedly served on the Defendants, specifically the material posted at https://scott92549.wixsite.com/website. As can be seen on the website (and Exhibit B), this is incomplete and the website does not provide the Defendants notice of the basis of the application for the preliminary injunction;

5

- Exhibit C of the Affidavit in Support shows that the website is inaccessible in China and therefore can provide no Notice to China-based Defendants; and

- The Docket on this case shows no indication that the Plaintiff served Notice of this Injunction or of the upcoming hearing on the Defendants.

No Notice means there can be No Injunction.

II. **<u>Plaintiff is Unlikely to Succeed on the Merits</u>**

The cryptic Complaint provides no guidance on what purported infringement was committed by BF Concepts Limited (or any other Defendant). Assuming it is the material shown below, the Plaintiff has no likelihood of success on the merits.

Steelmanning the Plaintiff's argument, we compare below the Plaintiff's alleged copyrights on the left with (perhaps?) the alleged infringement on the right. The swatches on the Left are from the Complaint and the swatch on the right is sock cuff shown in an illustrative "product description" on the *LZL ASIN.







Alleged Copyrights            Perhaps BF Concept's Alleged Infringement

6

Plaintiff needs to establish their entitlement to relief by "a clear showing" and "carries the burden of persuasion", *Mazurek v. Armstrong*, 520 U.S. 968, 972 (1997); *See generally* co-Defendants Memo in Opposition at ECF 36, pp. 2-3. Notwithstanding the allegations in the Complaint that the infringements are "identical copies", Complaint ¶ 48, a visual comparison shows that's plainly untrue. Plaintiff's argument is obscure and not elaborated on, but seems to acknowledge it's a claim of a derivative work, *See* Memo in Support at p. 3 (ECF 25).

On the issue of enforcing Plaintiff's rights to their lace patterns against allegedly infringing derivative works, this is not Plaintiff's first rodeo and – we respectfully submit – this will not be the first time they are bucked off the bull.

We direct this Court to the decision by the Late Honorable District Judge Metzner in *Klauber Bros., Inc. v. Westchester Lace Works, Inc.*, 73-cv-5177, 1974 U.S. Dist. LEXIS 12814 (S.D.N.Y. Jan. 14, 1974)("Klauber 1974"). A copy of this decision is annexed as Exhibit D to the Affidavit in Support because it does not appear to have a Westlaw citation. Judge Metzner denied a motion for a preliminary injunction against an alleged infringer because, *inter alia*, of uncertainty about whether the Plaintiff included a Copyright Notice at appropriate intervals to their spools – an uncertainty which also applies here.

And in *Klauber 1974*, the infringement itself was assumed to be present only because the alleged infringing lace was "quite similar to the copyrighted lace" – a circumstance which plainly does not apply here. Other than being a lace swatch, there appears to be *nothing in common* between the allegedly copyrighted material and the allegedly infringing lace. Certainly not an "identical copy" as the Plaintiff alleged Complaint at ¶ 48.

7

While the substantive infringement issue was assumed but moot in *Klauber 1974*, the Court had an opportunity to revisit the question a decade later when Late Honorable Judge Bernard Newman directly addressed how to compare Klauber Brothers' lace styles with potentially infringing material, *See Klauber Bros., Inc. v. Westchester Lace, Inc.*, Case No. 87-cv-7370, 1989 U.S. Dist. LEXIS 3169, *42 (S.D.N.Y. March 30, 1989)("Klauber 1989") "). A copy of this decision is annexed as Exhibit E to the Affidavit in Support because it does not appear to have a Westlaw citation.

*Klauber 1989* at **30-43 invests in a deep dive on how to analyze lace designs for potential copyright infringement. The Court followed the rule in *Walker v. Time Life Films, Inc.*, 784 F.2d 44 (2d Cir. 1986) that the similarities shared by the works (meaning the original copyrighted work and the alleged infringing derivative work) must be "something more than mere generalized ideas or themes", *Walker*, 784 F.2d at 48. *See Wildlife Express Corp. v. Carol Wright Sales, Inc.*, 18 F.3d 502, n. 6 (7th Cir. 1994) adopting same rule in Seventh Circuit.

Judge Newman factored in whether there were: (i.) two shells in a pattern v. one shell; (ii.) whether the shells were curved or symmetrical; (iii.) whether struts emerge from a central focal point or from a central vertical spine; (iv.) whether the yarn varies in thickness; (v.) specific elements; and (vi.) three petals v. five petals, *Klauber 1989* at ** 33-34. Any further summary would not do it justice – the punchline was that:

> "the design concepts utilized by the parties are sufficiently common in the lace industry, and the parties' expression of their ideas are sufficient dissimilar that the independent genesis of their designs is entirely plausible."

*Klauber 1989*, at *43.

*See Peter Pan Fabrics, Inc. v. Martin Weiner Corp.*, 274 F.2d 487 (2d Cir. 1960) in which Judge Learned Hand recognized that copyright claims for designs are "of necessity

8

vague", and that "no principle can be stated as to when an imitator has gone beyond copying the 'idea' and has borrowed its 'expression.' Decisions must therefore inevitably be ad hoc. In the case of designs, which are addressed to the aesthetic sensibilities of an observer, the test is, if possible, even more intangible." *Peter Pan*, 274 F.2d at 489. *See also Wildlife Express Corp.*, 18 F.3d at 509, favorably citing Judge Learned in *Peter Pan* and adopting his approach in this Circuit.

Unlike many other "Schedule A" cases, where the Plaintiff can point to an exact infringing copy of a painting or piece of art; an alleged misuse or unauthorized use of a registered trademark; or the sale and production of a counterfeit – in *this case*, the Plaintiff is asking the Court without Notice to any Defendant to hijack dozens of very busy and successful Amazon stores because of an unsubstantiated *gut feeling* that some lace patterns look familiar. Whatever the merits of the underlying case – and there are none – this is not the stuff of a "clear showing" that Plaintiff is likely to succeed on the merits. If anything, the Plaintiff is likely to have their case dismissed with prejudice upon the filing of the respective Motions to Dismiss and/or Motions on the Pleadings.

Plaintiff has made no clear showing that they will succeed on the merits, and therefore no preliminary injunction should issue.

### III. **Additional Considerations**

With the limited time to prepare this response we would highlight additional considerations that tip against the granting of a preliminary injunction here.

*There is no irreparable damage.*

Unlike customer-facing brands where there may be alleged damage to a copyright owner's business reputation, *See* Aff. in Support of TRO at p. 11 (ECF 5-1) *citing Spinmaster, Ltd.*

9

*v. Oberbreak LLC*, 404 F.Supp. 2 1097, 1111 (N.D. Ill. 2005), in this case there is no reputational damage for an industrial product with which no consumer would be aware. Contrast that with the record in *Atari v. N. Am. Philips Consumer Elecs. Corp.*, 672 F.2d 607 (7th Cir.) that established irreparable harm with potential reputational damage to an "immensely popular arcade game" into which large marketing had been made, *Atari*, 672 F.2d at 620.

And even though Plaintiff cites *Atari* for the proposition that infringement is necessary an irreparable harm, the Seventh Circuit recently said that "it used to be true in this circuit [that there was a presumption of irreparable harm, b]ut the Supreme Court rejected such a presumption." *Life Spine, Inc. v. Aegis Spine, Inc.*, 8 F.4th 531 (7th Cir. 2021) *citing eBay Inc. v. MercExchange, L.L.C.*, 547 U.S. 388, 393 (2006); *Flava Works, Inc. v. Gunter*, 689 F.3d 754 (7th Cir. 2012).

Plaintiff has made no clear showing of irreparable damage and therefore the Motion should be denied.

*Equitable Factors Tip Against Granting the Injunction*

Plaintiff's argument on the equitable factors are based primarily on the strength of their likelihood of success claim. Since the Plaintiff is not likely to succeed on the merits, the equitable factors even more strongly tip against granting the injunction.

*There is an inadequate Bond*

Co-Defendant alleges that three hundred thousand dollars in funds have been hijacked. BF Concepts Limited is still researching the extent of the damages here but estimates that it is in the low-to-mid 6 digits.

10

When the Court denies the Preliminary Injunction and dismisses this case, the Defendants will have claims for hundreds of thousands or even millions of dollars in damages suffered by the hijacking of their accounts and damage to their businesses.

At the least and consistent with this District's practice of imposing a $10,000.00 bond for injunctions, that the Plaintiff put up a $10,000.00 for each ASIN for which they seek an injunction; and an additional $1,000,000.00 for potential damages to each Defendant, whose entire Amazon operations have been frozen by the TRO and will remain that way if the Preliminary Injunction is wrongly granted.

*The Case is Moot*

Plaintiff indicated that they settled with co-Defendants that the Complaint alleged were each an "agent, affiliate, officer, director, manager, principal, alterego, and/or employee of the remaining Defendants", Complaint at ¶ 24.

Therefore to the extent that the settlements included language that describes a settlement with the party and their related parties – which is standard language – this case is now moot and the preliminary injunction should not issue. At the least, the Plaintiff and settling Defendants should disclose the terms of their settlement agreement(s) to determine whether the settlement enures to the remaining Defendants; and whether the settlement value offsets any potential claim against the remaining Defendants.

11

### E. Conclusion

Adopting by reference the arguments of their co-Defendants to the extent they are not prejudicial against BF Concept Limited, without prejudice to supplement the argument in opposition to the Motion for a Preliminary Injunction if time and leave for full briefing is granted, and for the reasons argued above, we respectfully submit that this Honorable Court should deny the Motion for a Preliminary Injunction.

To the extent that the Court were inclined to extend the TRO or grant the Preliminary Injunction, it should order the Plaintiff to promptly and properly serve the Defendants, impose a bond of $10,000.00 for each ASIN and an additional $1,000,000.00 for each remaining Defendant; and to disclose the terms of the settlement with the parties that were voluntarily dismissed; and to enter such other and further relief as the Court may deem just and proper.

DATED: **OCTOBER 20, 2023**

RESPECTFULLY SUBMITTED,

By: _____

Baruch S. Gottesman, Esq.
GOTTESMAN LEGAL PLLC
11 Broadway, Suite 615
New York, NY 10004
Phone: (212) 401-6910
bg@gottesmanlegal.com
*Counsel for BF Concept Limited*

**CERTIFICATE OF SERVICE**

I hereby certify that on October 20, 2023, simultaneous with the filing of this Submission, a copy of this submission was served upon counsel for all Appearing Parties using the court's CM/ECF system which will provide a notice of electronic filing to the following counsel of record of consent in writing to accept this notice of service of this document by electronic means:

**Mackenzie Paladino, Esq.**
DONIGER / BURROUGHS
247 Water Street, First Floor
New York, NY 10038
Phone: (310) 590-1820
Email: <Mpaladino@donigerlawfirm.com>

*Counsel for Plaintiff*


**Ruoting Men, Esq.**
**Tao Liu, Esq.**
GLACIER LAW LLP
41 Madison Avenue, Suite 2529
New York, NY 10010
Phone: (332) 270-0413 / (332) 208-1505
Email: <Ruoting@glacier.law >
   <Tao.Liu@glacier.law>

*Counsel for    Defendant Shenzhen Lingyun Network Technology Co., Ltd.
               doing business as | RSLOVE |*

13