IN THE UNITED STATES DISTRICT COURT FOR
THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| **KLAUBER BROTHERS, INC.,**<br><br>Plaintiff,<br><br>~ *versus* ~<br><br>**THE PARTNERSHIPS AND UNINCORPORATED ASSOCIATIONS IDENTIFIED IN SCHEDULE A**,<br><br>Defendants. | Case No. 1:23-cv-10407<br><br>**District Judge** Thomas M. Durkin<br><br>**Magistrate Judge** Keri L. Holle Hotaling |

**MEMORANDUM OF LAW** *by*
**DONGYAN SHENGYU ELECTRONIC COMMERCE CO., LTD.**
*in Support of its* **MOTION IN LIMINE**

Baruch S. Gottesman, Esq.
GOTTESMAN LEGAL PLLC
11 Broadway, Suite 615
New York, NY 10004
Phone: (212) 401-6910
bg@gottesmanlegal.com
*Counsel for Dongyan Shengyu*
*Electronic Commerce Co., Ltd.*

i

**A Table of Contents**

**B.** **Introduction** . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1

**C.** **Factual and Procedural Background** . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2

**D.** **Legal Argument**: . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 9

  1. Judicial Notice Should not be Taken
    of the Three Proffered Websites . . . . . . . . . . . . . . . . . . . . . . . . . 3

    a. The Proffered Webpages are Inadmissible . . . . . 3

    b. The Proffered Webpages are Irrelevant . . . . . . . . . 6

  2. Settlement Negotiations are
    Entirely Inadmissible and Irrelevant . . . . . . . . . . . . . . . . . . . . . . 7

  3. Testimony of Affiant is Necessary . . . . . . . . . . . . . . . . . . . . . . . . 10

**E.** **Conclusion** . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 12

**B.    Introduction**

The Parties are scheduled for a Hearing this Tuesday, December 19, 2023, at which it is anticipated there will be evidence taken, *See, e.g.*, ECF 150 (authorizing appearances by certain witnesses virtually).

In anticipation of certain issues related to Evidence, the Defendant Dongyan Shengyu Electronic Commerce Co., Ltd. ("Defendant") respectfully moves to preclude certain potential evidence proffered by the Plaintiff as irrelevant and inadmissible settlement negotiations; and for indicative rulings on certain matters that Dongyan intends to introduce.[1]

We recognize that notwithstanding any "ruling on motions *in limine* to guide the parties on what evidence it will admit later in trial", "[as the] trial progresses, the presiding judge remains free to alter earlier rulings." *Kaufman v. City of Chicago*, Case No. 17-cv-07491, 2021 WL 1885985, at *6 (N.D.Ill. May 11, 2021) *citing Perry v. City of Chicago*, 733 F.3d 248, 252 (7th Cir. 2013). Therefore, to the extent that some of the issues raised in this Motion may require further foundation or oral argument at the time the proffered material is offered into evidence, we respectfully ask the Court to consider this a "skeleton argument" of potential areas of controversy.

As we will argue below, any communications in further settlement discussions must be excluded. Further testimony by the Affiant on the circumstances of the publication website and other documentary evidence should be taken.

---

[1] I have asked the Plaintiff's Counsel for their position on this Motion, to which they have not responded. Given the Plaintiff's Counsel's efforts to have the material at issue in Points 1 and 2, admitted (See ECF 108, 109, and 110) we assume Plaintiff opposes these requests.

1

### C. Factual and Procedural Background

**1. Three Potentially Key Evidentiary Issues at the Hearing this Tuesday**

This Honorable Court has scheduled a hearing for this coming Tuesday that the Defendant understands may address, among other things: (i.) Notice (or lack thereof) of this lawsuit and of the Preliminary Injunction to the Parties; (ii.) and the net income earned by the Defendant from the allegedly infringing ASINs.

In support of the Plaintiff's position on the Motion to Vacate the Preliminary Injunction, the Plaintiff has moved for this Honorable Court to take Judicial Notice of certain websites by attorneys in the United States and China (ECF 109 – "Request for Judicial Notice") that are purported "owned, operated and controlled by counsel for Defendants" ECF 109 at p. 2. We oppose such Judicial Notice for the reasons argued below.

In support of the Plaintiff's position in opposition to the Motion to Vacate the Preliminary Injunction, the Plaintiff sought to enter into evidence heavily redacted and context-free settlement negotiations and potentially may rely on the fact of the negotiations to impeach a witness or on the conduct of the negotiations to promote its position, *See* Counsel Barrett's Affidavit in Support at ECF 110-1 and accompanying Exhibits and ECF 108-1 and accompanying Exhibits. We oppose the consideration of this inadmissible material as presented in the Affidavits in Support.

Further, the Plaintiff's position as it relates to the "Notice" and communications with Amazon, are premised on factual representations by Counsel Barrett about the communications, the website and other factual information. For that reason, we respectfully seek an indicative ruling and – in the alternative – respectfully outline the argument we would present to the Court on why their testimony should be taken notwithstanding their role as Counsel.

### D. Legal Argument

1. **Judicial Notice Should not be Taken of the Three Proffered Websites**

The Plaintiff asks this Court to take judicial notice of three webpages.

(i.) the landing page for a Beijing law firm;

(ii.) an information page by a Beijing law firm; and

(iii.) a page by a Beijing lawfirm referring to its "U.S. Branch".

ECF 109.

None of these pages are self-authenticating, none of these are relevant, none of these contain admissible evidence, and therefore the Court should not take judicial notice of any of these pages.

### a. The Proffered Webpages are inadmissible

The Plaintiff asks the Court to take judicial Notice of:

http://www.zonghenglawfirm.com.cn/lxwm.

That page is in Mandarin, See Exhibit A to the Gottesman Affirmation. There are two potential ways this could be shown in English. First – one could click on the "ENGLISH" tab on the top right, which is a link to http://816324649.bj.wezhan.cn/. However, that wezhan.cn link is dead, See Exhibit B to the Gottesman Affirmation. A review of that wezhan.cn link on the Wayback Machine maintained by Archive.org, *See Galanis v. Starbucks Corp.*, Case No. 16-cv-4705, 2016 WL 6037962, at *4 (N.D.Ill. Oct. 14, 2016)(crediting for purposes of a Rule 12(b)(6) Motion to Dismiss the allegations in Complaint premised on Wayback Machine records); *and Hepp v. Ultra Green Energy Services, LLC*, Case No. 13-cv-4692, 2016 WL 1073070, at *5 (N.D.Ill. Mar. 18, 2016) (taking judicial notice of Wayback Machine record and citing collected cases catalogued in *Erickson v. Nebraska Machine Co.*, 2015 WL 4089849, at *1 (N.D.Cal. July

3

6, 2015)) shows that wezhan.cn was last updated in June 2011, makes no reference to American operations, and does not otherwise correspond to the China-language original. See Exhibit C of the Gottesman Affirmation.

Rather, it appears that the proffered printout came through a second means. Namely, the automatic translation by the Alphabet (formerly Google) web-browser called Chrome, and not an independent translation, *See United States v. Vega*, 860 F.2d 779 (Oct. 17, 1988) *citing United States v. Zambrana*, 841 F.2d 1320 (7th Cir. 1988) for the rule that the admission and weight of translations are weighed by trier of fact only where "cross-examination was freely permitted and expert witnesses on language translation were offered."

Respectfully, this is the wrong case to open the door to AI translation material being admitted, *See, e.g., Mata v. Avianca, Inc.*, Case 22-cv-1461, 2023 WL 4114965, F.Supp.3d ___ (S.D.N.Y. June 22, 2023)(sanctioning references to inauthentic AI-generated caselaw; *United States v. Cohen*, Case 18-cv-602, ECF 96 (S.D.N.Y. Dec. 12, 2023)(Order to Show Cause ordering production of alleged AI-generated opinions and why sanctions should not be imposed). For the avoidance of doubt – *we are not implying any wrongdoing by the Plaintiff or their Counsel* for providing an automatically generated translation by Chrome. Our citations to *Mata* and *Cohen* are only intended to emphasize the recent trend by District Courts to frown on reliance on AI-generated material. We respectfully suggest that this rule should also apply to automatically generated translations such as the Chrome-translated webpage proffered by the Plaintiff, which has no independent indicia of reliability.

Next, the Plaintiff asks this Court to take judicial notice of:

http://www.mainleaf-law.com/single/310.html ("310 page")

4

This is a dead link. *See* Exhibit D of the Gottesman Affidavit in Support. The most recent Wayback Machine capture is from April 2021 showing that the page is entirely in Chinese. As noted above, automatic translations are entirely inappropriate, especially as it relates to cross-cultural misunderstandings.

To provide two key examples: the 310 page references three times the firm's connections with 当地白人律师 (dāng·dì  bái·rén  lǜ·shī), which is oddly translated in the proffered exhibit as "white lawyers", based on the term 白人 (bái·rén). But we respectfully submit that if cross-examined, any translator would advise that in a Chinese cultural context of international business, 白人 (bái·rén) is synonymous with 西人(xī·rén) meaning "Western Man" and has no racial connotation. *See, e.g.*, 白人 (bái·rén), WIKIPEDIA at n.1, available at https://zh.wikipedia.org/zh-hans/白人#cite_ref-1 (clarifying that bái·rén is synonymous with xī·rén) and in the context of the website, appears to merely be an emphasis that the attorneys are 当地 (dāng·dì), meaning "local" and not China-based lawyers working overseas. Indeed the Mainleaf page shows three attorneys, of whom two are plainly not 白人 (bái·rén) in the literal sense.

The other example is the citation of the translation as promoting parties to "evade liability for their infringement", when in fact if a bona fide translator were to present the Exhibit for admission, they would be cross-examined on the tone because the webpage simply provides general information about how infringement cases play out in practice.

Last, the Plaintiff asks this Court to take judicial notice of:

http://www.mainleaf-law.com/ ("landing page")

As far as I can tell, the website is down, See Exhibit F. A review of the Wayback Machine record as of June 2023 shows that the landing page is in Chinese, provides no U.S. contact information and is otherwise inadmissible in the form that the Plaintiff seeks judicial notice.

### b. The Proffered Webpages are Otherwise Irrelevant

Learned Counsel cited *Mussat v. Power Liens, LLC*, No. 13-cv-7853, 2014 WL 3610991, at *6 (N.D. Ill. July 21, 2014) for the general idea that "Courts may, at their discretion, take judicial notice of the contents of a website", *Mussat, Id*.

We would also highlight, though, that *Mussat* cautioned, "[t]he Internet however contains a wide variety of information with varying levels of reliability and a court is not required to take judicial notice of a website's content." *Mussat*, 2014 WL 3610991, at **6-7 *citing Pickett v. Sheridan Health Care Center*, 664 F.3d 632, 648 (7th Cir. 2011). In *Mussat*, the Court elected to not take judicial notice because the "website, without more, is not sufficiently reliable for this Court to take judicial notice of its contents as evidence of a prior business relationship with Mussat." *Mussat*, 2014 WL 3610991, at *7.

The websites appear to be introduced as part of an irrelevant tangent by the Plaintiff related to Mainleaf's settlement negotiations with Plaintiff, Mainleaf's strategy and Mainleaf's business relationship with any of the Defendants, *See* Memorandum in Opposition at p. 7 (ECF 108); Declaration in Opposition at ¶ 7 (ECF 110-1) and elsewhere in the Plaintiff's papers which lean on Mainleaf's strategy and role in this case. And perhaps the automatic translation, as interpreted by the Plaintiff makes their websites seem distasteful from an American perspective. But with no independent indicia of reliability and no relevance to the substantive issues, we respectfully submit that the material the Plaintiff requests the Court take judicial notice of should not be admitted, absent some foundation and testimony by a translator available for cross-examination.

2. **Settlement Negotiations are <u>Entirely Inadmissible and Irrelevant</u>**

The Plaintiff opposes the Motion to Dissolve the Preliminary Injunction in heavy reliance on:

(i.) a heavily redacted, 9-page, e-mail chain titled "Re: Settlement – RMSWEETYIL – 23-cv-10407" continuing from October 4, 2023 – October 11, 2023 (Affidavit in Opposition at Exhibit B, ECF 108-3);

(ii.) a heavily redacted, 5-page, e-mail chain conducted in both Mandarin and English languages titled "RMSWEETYIL" from October 4, 2023 – October 21, 2023. (Affidavit in Opposition at Exhibit C, ECF 108-5);

These Exhibits are inadmissible because they are settlement negotiations and irrelevant. The Rules provide:

"Evidence of the following is not admissible—on behalf of any party—either to prove or disprove the validity or amount of a disputed claim or to impeach by a prior inconsistent statement or a contradiction:

"(1) furnishing, promising, or offering—or accepting, promising to accept, or offering to accept—a valuable consideration in compromising or attempting to compromise the claim; and

"(2) conduct or a statement made during compromise negotiations about the claim—except when offered in a criminal case and when the negotiations related to a claim by a public office in the exercise of its regulatory, investigative, or enforcement authority."

Federal Rule of Evidence 408

The Plaintiff's Exhibit B (ECF 108-3) is an e-mail that appears to begin with a introduction by "Mainleaf Settlement" from the e-mail "settlement@mainleaf-law.com".

The subject of the e-mail is "Settlement – RMSWEETYIL -23-cv-10407".

7

The e-mail begins with bolded and underlined line that states:

"**<u>FRE 408 Privileged Communication</u>**"

The substance of that introductory e-mail states: "Our client is interested in exploring settlement. Would you please send over evidence and advise a settlement offer."

If none of that was clear enough, the e-mail is anonymously signed "Settlement".

All of the above references are at ECF 108-3, pp. 9-10.

The e-mail chain continues with a response by Plaintiff's Counsel stating "we are unable to propose a settlement demand without evidence showing the number of units sold and profits earned from the sale of all infringing products" ECF, p. 9. In other words, the negotiations continue and the Plaintiff's Counsel invited Defendant to provide more information in order to price a potential settlement. After some back-and-forth to identify the product allegedly being infringed, the negotiations culminated in an entirely redacted email on October 7, 2023, ECF 108-3, pp. 6-7.

Plaintiff's Counsel responded on October 10, 2023 with an e-mail beginning "**<u>FRE 408 CONFIDENTIAL</u>**" (ECF 108-3, pp. 4-5)(Bold and underline in original), making broad legal arguments that could potentially be relevant to any alleged infringement by any party of any product. And then a large redacted section. A number of redacted e-mails continue through October 11, 2023.

If the title, name, e-mail, headlines by both sides that they contain FRE 408 CONFIDENTIAL information were not enough, the substance are about potential liability (or lack thereof) and the redacted material presumably contained dollars and cents of the parties' negotiations.

This material is squarely in the ambit of F.R.E. 408 and inadmissible to show conduct or any party's admission. Importantly, nothing in the communications indicates that "Settlement" had authority to receive process on behalf of the Defendant or that it received the relevant information to substantiate the Complaint and the Motion for TRO (and the Preliminary Injunction) or forwarded it to their former client.

The material plainly reads as an attorney "feeling out" the other side to see if a pre-suit settlement would be possible. It does not in any way waive service, acknowledge service, or provide the Defendant due process protections related to service of process; nor actual or constructive notice of the full context of the Motion for a Preliminary Injunction.

Further, the Rules provide:

"An original writing . . . is required in order to prove its content unless these rules or a federal statute provides otherwise."

Federal Rule of Evidence 1002.

A heavily redacted version of an e-mail chain that is key to prove the Defendant's knowledge of the proceedings is entirely inadmissible. What if the redacted material discusses the limitations on "Settlement"'s authority to speak on behalf of his client or receive notice of the suit and the motions? What if the redacted material describes "Settlement"'s inability to communicate with his client? What if the redacted material provided substantial information that would tip against the granting of the Motion for a Temporary Restraining Order (and later, a Preliminary Injunction) which the Plaintiff misrepresented to the Court as being undisputed or uncontroverted?

In fact, the parallel conversation directly with Defendant, advised the Plaintiff that the Defendant is not represented by Counsel by no later than October 17, 2023. Redacting the discussion in the e-mail chain with "Settlement" makes it all the less credible and relevant.

9

Since the best evidence rule bars the admission of redacted material that omits potentially key parts of the document, the Exhibit is not admissible under F.R.E. 1002.

Turning to the second e-mail chain (Plaintiff's Exhibit D (ECF 108-5)) begins with Mandarin language outreach to the Plaintiff's Counsel on October 4, 2023 (ECF 108-5, p. 6). Plaintiff claims that a Google Translation of the message reads, inter alia, "[w]e hope you will inform us of the specific information about the infringement so that we can correct it. and hope you can withdraw your complaint." quickly followed by an e-mail from a firm, ECF 108-1, p. 2.

While not written by an attorney, that introductory e-mail is plainly made in the spirit of settlement. And indeed, later conversations in that same e-mail chain between the parties in the e-mail chain are specific dollar-and-cents numbers of the alleged value of the store, and potential outcomes if a reasonable offer is not made, See ECF 108-5, pp. 3-4.

Plainly this is inadmissible as settlement negotiations and inadmissible under the Best Evidence Rule.

For this reason, we respectfully submit that the e-mail chains that the Plaintiff seeks to admit are inadmissible.

3. **Testimony of Affiant is Crucial**

"The advocate-witness rule bars counsel from acting as both an advocate and a witness in a single proceeding except under special circumstances." *Ewing v. 1645 W. Farragut, LLC*, No. 16 C 9930, 2020 WL 6074184, at *2 (N.D. Ill. May 11, 2020) *citing Petrilli v. Drechsel*, 94 F.3d 325, 330 (7th Cir. 1996). We believe that this case presents "special circumstances" where the testimony of Counsel Barrett can be taken without requiring his recusal from this case.

10

Even upon the adoption of the Model Rules of the A.B.A., by the Northern District of Illinois in June 2011, it remains "within the discretion of the trial court to determine whether the advocate-witness rule bars counsel from testifying in a particular case without withdrawing." *Ewing*, 2020 WL 6074184, at \*\*2-3 *citing United States v. Jones*, 600 F.3d 847, 862 (7th Cir. 2010).

In this case, the Affidavits by Counsel Barrett personally describe and introduce the facts and circumstances of the communications with Counsel, with the Defendant, with Amazon, and the creation and maintenance of the publication website. However, the risks of violating the advocate-witness rule (objectivity, confusion by trier of fact, and appearance of impropriety), *See Mercury Vapor Processing Techs., Inc. v. Village of Riverdale*, 545 F.Supp. 2d 783 (N.D.Ill. Mar. 4, 2008) *citing United States v. Morris*, 714 F.2d 669, 671 (7th Cir. 1983) do not apply.

Defendant's Counsel does not doubt the ability of Counsel to testify objectively on the basis of documentary evidence, nor does the Defendant's Counsel believe there is any appearance of impropriety. These both touch on the second point of "confusion" by the trier of fact, which given the circumstances at this bench hearing is irrelevant.

For these reasons we respectfully submit that Counsel should be authorized to testify without it requiring their recusal from this case.

11

### E.     Conclusion

For these reasons the Court should not take judicial notice of the Websites proffered by the Plaintiff, and the e-mail chains are inadmissible settlement negotiations. In addition, Counsel can testify without triggering a need to recuse.

DATED:     **DECEMBER 18, 2023**

RESPECTFULLY SUBMITTED,

By:     *[signature]*

Baruch S. Gottesman, Esq.
GOTTESMAN LEGAL PLLC
11 Broadway, Suite 615
New York, NY 10004
Phone: (212) 401-6910
bg@gottesmanlegal.com
*Counsel for Dongyan Shengyu*
*Electronic Commerce Co., Ltd.*

12

## CERTIFICATE OF SERVICE

I hereby certify that on December 18, 2023, simultaneous with the filing of this Submission, a copy of this submission was served upon counsel for all Appearing Parties using the court's CM/ECF system which will provide a notice of electronic filing to the following counsel of record of consent in writing to accept this notice of service of this document by electronic means:

**Mackenzie Paladino, Esq.**
**Trevor Barrett**
DONIGER / BURROUGHS
247 Water Street, First Floor
New York, NY  10038
Phone: (310) 590-1820
Email: <Mpaladino@donigerlawfirm.com>
<Tbarrett@donigerlawfirm.com>

*Counsel for Plaintiff*

**Ruoting Men, Esq.**
**Tao Liu, Esq.**
GLACIER LAW LLP
41 Madison Avenue, Suite 2529
New York, NY  10010
Phone: (332) 270-0413 / (332) 208-1505
Email: <Ruoting@glacier.law >
<Tao.Liu@glacier.law>

*Counsel for     Defendant Shenzhen Lingyun Network Technology Co., Ltd.*
*doing business as | RSLOVE /*

**Adam Edward Urbanczyk, Esq.**
AU LLC
444 West Lake, 17th Floor
Chicago, IL 60606
Phone: (312) 715-7312
Email: AdamU@au-LLC.com
*Counsel for Defendants BOAO Network, Skylety Direct, and lertree*

**Gei Li**
GETECH LAW LLC
203 N. Lasalle, Unit 2100
Chicago, IL 60601
Phone: (312) 888-6633
Email: Linda.Lei@gettechlaw.com
*Counsel for Defendant Suzhou BSL Garments Co., Ltd. (Amazon store jack smith)*

**Timothy Alan Duffy**
LAW OFFICE OF TIMOTHY A. DUFFY, P.L.
725 W. Orchard Cir. 60045
Phone: (847) 530-4920
Email: Tduffy@tduffylaw.com
*Counsel for Defendant Cheng Du Ruiland Tianhui Keji Youziangongsi*

*Distribution List*
<Mpaladino@donigerlawfirm.com>
<Tbarrett@donigerlawfirm.com>
<Ruoting@glacier.law >
<Tao.Liu@glacier.law>
<Linda.Lei@gettechlaw.com>
<Tduffy@tduffylaw.com>