IN THE UNITED STATES DISTRICT COURT FOR
THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| **KLAUBER BROTHERS, INC.**, <br><br> Plaintiff, <br><br> ~ *versus* ~ <br><br> **THE PARTNERSHIPS AND UNINCORPORATED ASSOCIATIONS IDENTIFIED IN SCHEDULE A**, <br><br> Defendants. | Case No. <u>1:23-cv-10407</u> <br><br> **District Judge** Thomas M. Durkin <br><br> **Magistrate Judge** Keri L. Holle Hotaling <br><br><br> **REQUEST TO SCHEDULE HEARING** |

### A.  Request to Schedule Hearing

Defendant Dongyan Shengyu Electronic Commerce Co., Ltd. respectfully seeks to schedule a Hearing on the damages occasioned to them for the period during which the preliminary injunction was improperly in place, *See* ECF 166. We consulted with Plaintiff's Counsel whose position is that this request is untimely and otherwise improper. They do not join this request.

We have outlined the basis for the Hearing and proposed a schedule below as a "request", per the Court's direction (ECF 166). To the extent that the Honorable Court may require a formal Motion, please so advise and we will file a formal Motion for the relief requested here.

### B.  Basis for this Request

"[I]n the Seventh Circuit, a 'prevailing defendant is entitled to damages on the injunction bond unless there is good reason for not requiring the plaintiff to pay in the particular case." *Bestway Inflatables v. Holon Supplier*, Case No. 23-cv-2286, 2023 U.S. Dist. LEXIS

1

201062, at *3 (N.D. Ill. Nov. 8, 2023) citing *Coyne-Delany Co. v. Cap Dev. Bd. of State of Ill.*, 717 F.2d 385, 391 (7th Cir. 1983).

While "[a] Rule 65.1 motion may not precede a final determination on the merits." *Triumph v. Ward*, Case No. 11-cv-7927, 2011 U.S. Dist. LEXIS 147195, at *7 (N.D. Ill. Dec. 22, 2011) *citing Wabash Publ'g Co. v. Flanagan*, Case No. 89-cv- 1923, 1990 U.S. Dist. LEXIS 2102, 1990 WL 19977, at *8 (N.D. Ill. Feb. 27, 1990), in the context of injunctions, "final determinations" have a idiosyncratic meaning as follows:

"A final determination may take the form of a decree dismissing the suit, *a total or partial dissolution of the injunction, or the failure to carry the burden of proof at the hearing on the preliminary injunction.*" *Triumph*, 2011 U.S. Dist. LEXIS 147195 at ** 7-8 *quoting* 11A Wright & Miller, FED PRAC. AND PROC. § 2972 (2d ed. 2010)(emphasis in original case citation, not in Wright & Miller). *Accord Bestway Inflatables*, 2023 U.S. Dist. LEXIS 201062 at *3.

Here, there has been a partial dissolution of the injunction (See ECF 87) and a finding that for some amount of time, the injunction was not properly imposed (ECF 166) it is therefore timely and appropriate to now hold a hearing on Defendant Dongyan's damages.

### C. Proposed Schedule

As we explain below, we believe that this hearing can be completed in 2.5 hours. Here's why:

We do not believe this should be a complicated hearing. If Dongyan's witnesses are authorized to testify remotely, we expect to have two witnesses. The first will be a corporate representative who can outline their testimony in advance by Affidavit and at the hearing quickly affirm the accuracy of their written representation. If past history is any guide (namely the hearing

held on analogous issues on December 19, 2023), we anticipate not more than an hour for cross-examination. We would them potentially move to have an expert witness allowed to testify on the issue of Amazon algorithms and how injunctions and their improper extensions impact "ranking" and therefore cause long-term, quantifiable economic damage. We do not have any direct analogy during this case, but based on my experience, we don't anticipate more than a half-hour of *voir dire* on the admissibility of the testimony and, if allowed, an hour-and-a-half for Direct and Cross.

For that reason, we estimate this should not require more than 2.5 hours.

We are available Friday the 2nd (tomorrow) and any time this coming week after Monday (Defendant's Counsel has a prior scheduled hearing on Monday in person in New York in *Global Investment Management Holdings Inc. v. Citibank, N.A.*, Index No. 650223/2024 (S.Ct. New York County). Again, I don't want to speak for Plaintiff but they have indicated that this request is untimely and that to hold a hearing next week would not provide sufficient time to prepare.

Of course, if the Honorable Court would want to conduct this inquest on papers, we are more than happy to oblige.

Thank you for your consideration of this request.

DATED: February 1, 2024

                                                  RESPECTFULLY SUBMITTED,

By: _____
Baruch S. Gottesman, Esq.
GOTTESMAN LEGAL PLLC
11 Broadway, Suite 615

New York, NY 10004
Phone: (212) 401-6910
bg@gottesmanlegal.com
*Counsel for Dongyan Shengyu*
*Electronic Commerce Co., Ltd.*

**CERTIFICATE OF SERVICE**

I hereby certify that on February 1, 2024, simultaneous with the filing of this Submission, a copy of this submission was served upon counsel for all Appearing Parties using the court's CM/ECF system which will provide a notice of electronic filing to the following counsel of record of consent in writing to accept this notice of service of this document by electronic means:

**Mackenzie Paladino, Esq.**
**Trevor Barrett**
DONIGER / BURROUGHS
247 Water Street, First Floor
New York, NY 10038
Phone: (310) 590-1820
Email: <Mpaladino@donigerlawfirm.com>
      <Tbarrett@donigerlawfirm.com>

*Counsel for Plaintiff*

**Ruoting Men, Esq.**
**Tao Liu, Esq.**
GLACIER LAW LLP
41 Madison Avenue, Suite 2529
New York, NY 10010
Phone: (332) 270-0413 / (332) 208-1505
Email: <Ruoting@glacier.law >
      <Tao.Liu@glacier.law>

*Counsel for    Defendant Shenzhen Lingyun Network Technology Co., Ltd.*
                    *doing business as | RSLOVE /*

**Adam Edward Urbanczyk, Esq.**
AU LLC
444 West Lake, 17th Floor
Chicago, IL 60606
Phone: (312) 715-7312
Email: AdamU@au-LLC.com
*Counsel for Defendants BOAO Network, Skylety Direct, and lertree*

**Gei Li**
GETECH LAW LLC
203 N. Lasalle, Unit 2100
Chicago, IL 60601
Phone: (312) 888-6633
Email:  Linda.Lei@gettechlaw.com
*Counsel for Defendant Suzhou BSL Garments Co., Ltd. (Amazon store jack smith)*


**Timothy Alan Duffy**
LAW OFFICE OF TIMOTHY A. DUFFY, P.L.
725 W. Orchard Cir.  60045
Phone: (847) 530-4920
Email: Tduffy@tduffylaw.com
*Counsel for Defendant Cheng Du Ruiland Tianhui Keji Youziangongsi*

*Distribution List*
<Mpaladino@donigerlawfirm.com>
<Tbarrett@donigerlawfirm.com>
<Ruoting@glacier.law >
<Tao.Liu@glacier.law>
<Linda.Lei@gettechlaw.com>
<Tduffy@tduffylaw.com>