**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF ILLINOIS**

| | |
|---|---|
| KLAUBER BROTHERS, INC., a New York corporation, <br><br> Plaintiff, <br><br> v. <br><br> THE PARTNERSHIPS AND UNINCORPORATED ASSOCIATIONS IDENTIFIED IN SCHEDULE A, <br><br> Defendants. | Civil Action No.: 1:23-cv-10407 <br><br> **District Judge Thomas M. Durkin** |

## PLAINTIFF'S MOTION TO COMPEL AND FOR SANCTIONS AS TO DEFENDANT DONGYAN SHENGYU ELECTRONIC COMMERCE CO., LTD.

Pursuant to Federal Rules of Civil Procedure 37 and Local Rule 37.2, Plaintiff, Klauber Brothers, Inc. ("Klauber") bring this Motion to Compel Defendant, Dongyan Shungyu Electronic Commerce Co. Ltd. ("Dongyan"), to provide adequate responses to Klauber's Requests for Production and Interrogatories. This Motion is supported by the below argument and authorities, the concurrently filed Declaration of Trevor W. Barrett ("Barrett Decl.") and any additional materials or argument the Court may request. Opposing counsel did not respond with a preferred briefing schedule, Plaintiff would prefer to have the hearing set for September 19, 2024, with replies due one week prior and oppositions two weeks prior to the hearing date. Barrett Decl., ¶ 10.

### I.    INTRODUCTION

On September 19, 2023, Klauber filed its Complaint against several Defendants, including Dongyan. (Dkt. #1.) Pursuant to the Complaint, Klauber seeks damages for Defendant's willful infringement of his copyright in the lace textile design depicted therein. Thereafter, the Parties

entered a joint discovery schedule, with the fact discovery cut off being August 21, 2024. (Dkt. #169.)

Klauber served Dongyan's with Klauber's first set of interrogatories and requests for production on June 14, 2024. (Barrett Decl. ¶ 2.) The requests consisted of 17 interrogatories and 41 requests for production. (Barrett Decl. ¶ 2, Exh. 1.) Thus, Dongyan's responses were due on July 14, 2024. However, Dongyan failed to provide any written responses to the requests. Id. at ¶ 3.

On August 2, 2024, Klauber's counsel served a meet and confer letter regarding Defendants' failure to respond to Klauber's discovery requests. (Barrett Decl. ¶ 4.) In the letter, Klauber reminded Defendant of its obligations under the Federal Rules and notified Defendant of its intent to seek sanctions against Defendant and its counsel should Defendant fail to provide adequate responses. (Barrett Decl. ¶ 4, Exh. 2.)

Counsel for the Parties met and conferred telephonically on August 5, 2024, and Klauber's counsel advised that Dongyan quite simply failed to respond at all. *Id*. at ¶ 5. In an abundance of caution Klauber's counsel again sent the meet and confer letter to Dongyan's counsel after the meet and confer. *Id*. at ¶ 6. Klauber's counsel followed up via email on August 8, 2024 and Dongyan's counsel failed to respond. *Id*. On August 15, 2024 Klauber's counsel warned that Dongyan must provide full discovery responses without objections and documents by close of business the following day to avoid a motion to compel. *Id*. at ¶ 7-8, Ex. 3. Again, Dongyan never responded. *Id*. To date, Dongyan has not provided any responses to the interrogatories or requests. (*Id*. at ¶ 3.) Nor has Dongyan produced any evidence or documents in response to the requests. (*Id*.) In sum, Dongyan has failed to meet the most basic discovery obligations. And, despite Klauber's providing ample opportunity to meet these obligations and warnings about this

impending motion (*Id.* at ¶ 7-8, Ex. 3), Dongyan still failed to meet its obligations and forced Klauber to file this motion.

Despite Klauber's attempts to resolve the dispute without Court intervention, Dongyan refuses to provide ***any*** response or produce ***any*** evidence regarding key aspects of the case, such as:

- ***Access***: Dongyan has failed to produce any information regarding its knowledge, or employee's knowledge, of Klauber, its designs, or attendance at trade shows where Klauber's designs were shown, or any purchases of Klauber designs (See Barrett Decl. ¶ 2, Exh. 1, RFPD Nos. 3, 5-6, 10-12, 34-35, 41, ROG Nos. 1, 4, 16.)

- ***Third-party infringers***: Dongyan has failed to produce any information regarding the manufacturer, vendor, or designer of the infringing product (*id.* at RFPD Nos. 6, 8-9, 13, 17, 41; ROG Nos. 3-6.)

- ***Independent creation***: Dongyan has failed to produce any information regarding its purported "independent creation" of the infringing products (*id.* at RFPD Nos. 2, 4-5, 11-12, 17, 31, 40; ROG Nos. 2-4.)

- ***Scope of infringing activity***: Dongyan has failed to produce any information regarding the scope of its infringing activity, such as provide any licensing agreements entered into with third parties for the design, the number of sales, the number of infringing products in storage, or any information regarding the advertisement and promotion of the infringing design (*id.* at RFPD Nos. 17-20, 22-27; ROG Nos. 7-10, 14.)

- ***Damages***: Dongyan has failed to produce any information regarding the calculation of damages, such as any evidence of its gross revenues or supporting the purported

reductions from the gross revenues identified by Plaintiff (*id*. at RFPD Nos. 7, 13-16, 19-22, 27-31; ROG Nos. 10-12, 15, 17.)

- *Willfulness*: Dongyan has failed to produce any information regarding prior infringing activity, insurance policies maintained by Dongyans for infringement of third-parties rights, or knowledge of Klauber's rights in the design (*id*. at RFPD No. 32-33; ROG Nos. 1, 13, 16).

Klauber requests that this Court compel Dongyan to provide complete responses to all interrogatories and requests for production, without objections, and produce all responsive documents sought pursuant to the 41 requests for production immediately.

Furthermore, due to Dongyan's noncompliance with the Federal Rules, Klauber respectfully requests that this Court issue sanctions against Defendant and its counsel for its noncompliance.

## II.   ARGUMENT

### a.   Dongyan failed to meet its discovery obligations and must be compelled to comply

Because Klauber served discovery on Dongyan, and Dongyan failed to respond in any way to that discovery and failed to supplement in any way even after Klauber's meet and confer efforts pursuant to NDIL Local Rule 37.2, Dongyan must now be compelled to comply with its discovery obligations without objection.

A party may move to compel where another party fails to respond to a discovery request or gives an evasive or incomplete response. Fed. R. Civ. P. 37. "Parties may obtain discovery regarding any non-privileged matter that is relevant to any party's claim or defense." Fed. R. Civ. P. 26(b)(1). The court has broad discretion in resolving matters relating to discovery. *Patterson v.*

*Avery Dennison Corp.,* 281 F.3d 676, 681 (7th Cir. 2002). When responding to interrogatories, a party <u>shall</u> answer each interrogatory separately and "<u>fully</u>" in writing under oath. Fed. R. Civ. P. 33(b)(1) (emphasis added). In doing so, a party has a duty to provide "true, explicit, responsive, complete and candid answers." *Hansel v. Shell Oil Corp*., 169 F.R.D. 303, 305 (E.D. Pa. 1996); *Alexander v. F.B.I.*, 192 F.R.D. 50, 52 (D.D.C. 2000) (quoting *Chubb Integrated Sys. Ltd. v. Nat'l Bank of Was*., 103 F.R.D. 52, 61 (D.D.C. 1984)).

Federal Rule of Civil Procedure 34(b)(2)(A) requires a party to submit a proper response to a document request within thirty days after service. A proper response has two components. *Novelty, Inc. v. Mountain View Mktg., Inc*., 265 F.R.D. 370, 375 (S.D. Ind. 2009), *clarified on denial of reconsideration*, 2010 WL 11561280 (S.D. Ind. Jan. 29, 2010). First, the responding party must state in writing, for each category requested, that "inspection ... will be permitted as requested" or, if the responding party objects, the basis of that objection. Fed. R. Civ. Pro. 34(b)(2)(B), (C). The second component of a proper response to a request for production requires the responding party—within the specified time—to actually produce the responsive documents for inspection or copying. *See Langley v. Union Elec. Co.,* 107 F.3d 510, 513 (7th Cir.1997) (upholding imposition of sanctions against party that failed to produce requested item for inspection, even though no motion to compel had been filed at the time of the failure).

Although the proponent of the motion to compel bears the initial burden of proving that the discovery sought is relevant, if the discovery "appears relevant," the burden shifts to the objecting party to show why the request is improper. *West v. Miller*, 2006 WL 2349988, att *2 (N.D.Ill. Aug. 11, 2006). Here, however, there is no objection to the relevance of the requests by Dongyan. In fact, there is no dispute regarding the nature or substance of the requests themselves

because Defendant has failed to provide any objections—much less, any written response—to the requests.

Because Dongyan failed to timely respond, any of its objections are now waived in any event. See *Poulos v. Naas Foods, Inc.*, 959 F.2d 69, 74 (7th Cir.1992)(objections not timely asserted were thus waived). Indeed, "it is firmly established in this Circuit that a party who fails to timely respond to discovery requests waives his objections thereto." *Peterson v. Farrakham*, No. 2:30CV319, 2005 WL 2465254, at *2 (N.D. Ind. Oct. 5, 2005). Here, Donyan failed to provide responses to the discovery within 30 days of being served and did not even attempt to supplement anytime thereafter even after receiving Klauber's meet and confer correspondence. There is no good cause for this delay, and Dongyan must be compelled to provide complete discovery responses without any objections.

Even if Dongyan can somehow show "an inability to conduct a search for responsive documents", Dongyan still ""ha[s] an obligation to seek appropriate extensions," *Lava Trading, Inc. v. Hartford Fire Ins. Co.*, 2005 WL 459267, *9–10 (S.D.N.Y.2005), either by agreement or, if necessary, by a motion for time under Fed. R. Civ. Pro. 6. *See also, Novelty, Inc.*, 265 F.R.D. at 376, *clarified on denial of reconsideration*, 2010 WL 11561280. Dongyan has woefully failed to meet this obligation. Not only has Dongyan shown no inability to conduct a search for responsive documents, but it has failed to seek appropriate extensions.

Given Dongyan's plain disregard for its discovery obligations, and failure to cure, supplement, or otherwise meaningfully respond to Klauber's repeated correspondence, Dongyan must now be compelled to respond and produce all responsive documents without objection. The motion must be granted.

### III.  <u>SANCTIONS</u>

There is nothing complicated about the Federal Rules' requirement to timely respond to discovery requests. Despite multiple attempts to meet and confer, allowing an ample amount of time to provide discovery responses and documents, and meeting and conferring, Dongyan has still failed to meet its obligation in any way. Dongyan must therefore be sanctioned for it discovery abuses and for forcing Klauber to bring this motion.

Because Klauber's motion should be granted, Dongyan and counsel are required to pay for all costs borne by Klauber in bringing this motion, including attorneys' fees. Indeed, Rule 37 makes such a sanction on prevailing discovery motions mandatory.

> If the motion is granted—or if the disclosure or requested discovery is provided after the motion was filed—the court must, after giving an opportunity to be heard, require the party or deponent whose conduct necessitated the motion, the party or attorney advising that conduct, or both to pay the movant's reasonable expenses incurred in making the motion, including attorney's fees.

Fed.R.Civ.P. 37(a)(5)(A). Indeed, even when a party engages in abusive and obstructive discovery tactics by failing to properly respond to discovery requests in any way, the court may impose sanctions directly, even without first issuing an order to compel discovery. *Dotson v. Bravo*, 202 F.R.D. 559, 570 (N.D. Ill. 2001), *aff'd*, 321 F.3d 663 (7th Cir. 2003). Despite its attempts to avoid motion practice, Klauber has been forced to incur the expense of doing so. As such, the court should award Klauber its expenses related to this motion as a sanction under Rule 37.

The Court has broad discretion in deciding further appropriate sanctions for a discovery violation. *Hunt v. Da Vita*, 680 F.3d 775, 780 (7th Cir. 2012). Under these powers, courts can impose sanctions including default judgments and shifting attorney's fees. *JFB Hart Coatings, Inc. v. AM Gen. LLC*, 764 F. Supp. 2d 974, 982 (N.D. Ill. 2011). In addition, the inherent power of federal courts "to manage their own affairs so as to achieve the orderly and expeditious

disposition of cases" encompasses "the ability to fashion an appropriate sanction for conduct which abuses the judicial process," as well as the "power to punish for contempt." *Chambers v. NASCO, Inc.*, 501 U.S. 32, 43–45 (1991). Courts may, in the exercise of their inherent powers, assess attorney's fees against a party that "shows bad faith by delaying or disrupting the litigation or by hampering enforcement of a court order." *Id.*

There is no innocent or excusable mistake for Dongyan's behavior. In the practice of law, there are time limits imposed on litigants at every stage of the case—and the time limits explicit in the Federal Rules of Civil Procedure are not illusory or flexible. "[L]awyers who do not pay heed to deadlines do so at substantial peril to their and their clients' interests. Even a day's delay can be fatal." *Raymond v. Ameritech Corp.,* 442 F.3d 600 (7th Cir. 2006)("We live in a world of deadlines.... The practice of law is no exception."); *Reales v. Consolidated Rail Corp.,* 84 F.3d 993, 996 (7th Cir. 1996). This is such a case.

As a result of Dongyan's noncompliance and evasive conduct during discovery, Klauber is entitled to an award of sanctions in the amount of at least $1,430.00 for the attorneys' fees incurred in attempting to address Dongyan's noncompliance and the bringing of this motion. Barrett Decl., ¶ 9.

## IV.   **CONCLUSION**

Clearly, Defendants' failure to provide any response or objections to Plaintiff's requests runs afoul to the Federal Rules and is highly prejudicial to Plaintiff in this case. Thus, Plaintiff respectfully requests relief from this Court by:

> a.  Entering an order to compel Defendant to provide timely written responses to Plaintiff's interrogatories and to produce responsive documents to the requests for production within seven (7) days;

    b.  For the court to order Defendant to pay Plaintiff's attorneys fees and costs attributable to this discovery dispute thus far, in the amount of $1,430.00; and

    c.  Whatever further relief the court deems appropriate.

Respectfully submitted,

Date: August 22, 2024                By:    */s/ Trevor W. Barrett*
                                        Trevor W. Barret, Esq.
                                        Mackenzie Paladino, Esq.
                                        DONIGER / BURROUGHS
                                        *Attorneys for Plaintiff*

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on August 22, 2024, I will electronically file the foregoing with the Clerk of the Court using the CM/ECF system, I will electronically publish the documents on a website, and I will send an e-mail address to the e-mail addresses provided for Defendants by third parties that includes a link to said website.

Respectfully submitted,

*/s/ Trevor W. Barrett*
Trevor W. Barrett, Esq. (Pro Hac Vice)
DONIGER / BURROUGHS
247 Water Street, First Floor
New York, New York 10038
tbarrett@donigerlawfirm.com
(310) 590-1820
*Attorney for Plaintiff*
